IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT EARON,

    Plaintiff,

v.

O'REILLY AUTOMOTIVE, INC.,
d/b/a O'REILLY AUTO PARTS and
WILMAR CORPORATION,

    Defendants.                                    Case No. 05-cv-864-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

**I. INTRODUCTION**

This matter comes now before the Court by way of Plaintiff's Motion for Summary Judgment (Doc. 28) and combined memorandum in support, to which Defendants have filed their Joint Response (Doc. 40). Due to a discrepancy between the parties as to whether Plaintiff was seeking summary judgment only on the issue of Defendants' liability for a defective product in Counts II through VI, or whether Plaintiff also sought summary judgment as to the issue of proximate cause on all Counts in his First Amended Complaint. Thus, on September 12, 2007, the Court issued an Order instructing Plaintiff to clarify whether he was seeking summary

judgment as to proximate cause as well (Doc. 42). Plaintiff responded, stating he was seeking summary judgment as to liability and proximate cause as to all Counts (Doc. 43). The Court thereby ordered the parties to file supplemental briefings to address the issue of proximate cause (Doc. 44). The parties have since filed their supplemental briefs (Docs. 45 & 47). Upon review of the issues at hand and the applicable law and facts, the Court deems that summary judgment is warranted.

## II. FACTUAL BACKGROUND

Plaintiff Robert Earon filed this products liability action against defendants O'Reilly Automotive, Inc., d/b/a O'Reilly Auto Parts ("O'Reilly") and Wilmar Corporation ("Wilmar"). Defendants removed it to federal court on the basis of diversity jurisdiction, **28 U.S.C. § 1332**. Plaintiff did not seek a remand. Nonetheless, upon analysis, it is clear that diversity jurisdiction does confer jurisdiction on the Court. Defendant Wilmar is a citizen of the state of Washington, Defendant O'Reilly is a citizen of the state of Missouri and the Plaintiff is a citizen of the state of Illinois, while every indicator points to an amount in controversy well in excess of threshold requirement. Upon amending his Complaint, Plaintiff stated six counts as follows: Count I stated a claim of negligence liability (failure to warn) against O'Reilly; Count II stated a claim of strict liability against Wilmar; Count III stated a claim for breach of the implied warranty of merchantability, pursuant to **810 ILL. COMP. STAT. 5/2-314** against O'Reilly; Count IV stated a claim for breach of the implied warranty of fitness for a particular purpose, pursuant to **810 ILL.**

**COMP. STAT. 5/2-315**, against O'Reilly; Count V stated a claim for breach of the implied warranty of merchantability, pursuant to **810 ILL. COMP. STAT. 5/2-314** against Wilmar; and Count VI stated a claim for breach of the implied warranty of fitness for a particular purpose, pursuant to **810 ILL. COMP. STAT. 5/2-315**, against Wilmar (Doc. 24). Plaintiff seeks damages for his injuries, including permanent pain to his back and hand, mental anguish, disability and disfigurement, as well as past and future medical expenses and lost wages.

As a large portion of the facts giving rise to Plaintiff's claim, as detailed in his Motion for Summary Judgment, are undisputed by Defendants, the Court will simply recount these undisputed facts here. Defendant O'Reilly is a retailer distributor of auto parts, with store locations in the State of Illinois. Plaintiff wanted to replace the springs on his 1986 Chevrolet Silverado pickup truck, so on May 18, 2005, he and a friend, Danny Farley, went to an O'Reilly store in Granite City, Illinois, in order to purchase a new spring compressor to install replacement springs. O'Reilly employee, Matthew Keeland, assisted Plaintiff in selecting a spring compressor, designed, manufactured and sold by defendant Wilmar. Plaintiff purchased the spring compressor from O'Reilly.

While attempting to replace the springs on his truck using the spring compressor, the lower part of the spring compressor came apart without warning; Plaintiff was thrown backwards, suffering injuries. Subsequent to this incident, Plaintiff and Farley examined the spring compressor, finding that three inches of

threads on the spring compressor's shaft were stripped away and there appeared to be "pores" in the metallic material. Plaintiff and Farley returned to the Granite City O'Reilly store in order to return the spring compressor. Upon talking with the manager on duty, he was able to get his money refunded for the spring compressor, explaining how it did not work properly and how he was injured while trying to use it. The manager stated that the spring compressor appeared to be made from a bad mold or bad piece of steel and prepared the item to return to Wilmar.

### III. DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**. The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, **192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, **200 F.3d 1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park*, **195 F.3d 333, 337-38 (7th Cir. 1999)**.

**B.    Analysis**

Plaintiff first asserts that the facts establish a *prima facie* case that the product was defective and that this defect existed when it left the manufacturer's control.  Because jurisdiction in this matter is founded on diversity, in accordance with the principles of the ***Erie*** doctrine, the Court will follow Illinois substantive law with regard to products liability law.  **See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)**.

1.    **Products Liability**

In Illinois, a *prima facie* case that a product was defective and that the defect existed when it left the manufacturer's control is made by showing that the product in question "failed to perform in the manner reasonably to be expected in light of (its) nature and intended function."  ***Tweedy v. Wright Ford Sales, Inc.*, 64 Ill.2d 570, 574, 357 N.E.2d 449, 452 (Ill. 1976)(internal citation omitted)(alteration in original)**.  Additionally, a plaintiff must also show he did not use the product in an unreasonable manner other than as intended and that there were no "reasonable secondary causes" of a plaintiff's injuries.  ***Alvarez v. American Isuzu Motors*, 321 Ill. App. 3d 696, 703, 749 N.E.2d 16, 23 (Ill. App. Ct. 2001)(citing *Tweedy*, 64 Ill.2d at 574, 357 N.E.2d at 452**.

In the instant case, Defendants have filed a Joint Response (Doc. 40), conceding that Plaintiff has established a *prima facie* case that the spring

compressor[1] was defective and that this defect existed at the time it left Defendants' control.  Therefore, Defendants agree that summary judgment can be granted in favor of Plaintiff as to Counts II through VI of his First Amended Complaint, *as to liability only*.  However, Defendants deny that a defect in spring compressor proximately caused Plaintiff's injuries and thereby oppose granting summary judgment in favor of Plaintiff as to the issue of causation.

2. **Causation**

The issue of proximate cause is generally a question of fact for the jury to resolve, only to be decided by the Court as a matter of law "when there is a reasonable certainty that the defendant's acts caused the injury." **Wintz By and Through Wintz v. Northrop Corp., 110 F.3d 508, 515 (7th Cir. 1997)(quoting Schultz v. Hennessy Industries, 222 Ill. App. 3d 532, 165 Ill. Dec. 56, 62, 584 N.E.2d 235, 241 (1991))**.  In other words, "when reasonable people cannot draw divergent inferences from the undisputed facts." **Diehl v. Polo Co-op. Ass'n, 328 Ill. App. 3d 576, 582, 766 N.E.2d 317, 322 (Ill. App. Ct. 2002)(citing Englund v. Englund, 246 Ill. App. 3d 468, 477, 615 N.E.2d 861 (1993); see also Kleen v. Homak Mfg. Co., Inc., 321 Ill. App. 3d 639, 749 N,E.2d 26 (Ill. App. Ct. 2001)(citing Williams v. University of Chicago Hospitals, 179 Ill.2d 80, 88, 688 N.E.2d 130, 134 (1997))("[P]roximate cause . . . becomes a question of law where there is no material issue of fact regarding the matter or only one**

---

[1] Defendants actually refer to the product as a "coil compressor," but it is regarded as the same thing.

**conclusion is clearly evident."**).

As grounds contending Plaintiff's allegations of proximate cause, in their Answers to Plaintiff's Amended Complaint (Docs. 26 & 27), Defendants raise the affirmative defenses of Plaintiff's misuse of the product and secondary causes. In contrast to Defendants' assertion that Plaintiff's own negligence likely caused his injuries, Plaintiff indicates Farley read him the instructions accompanying the spring compressor and was present to assist when Plaintiff attempted to use the product to replace the springs in his truck. Also, Plaintiff stated he "knew how to use the spring compressor by previously watching a mechanic, Bruce Snyder, install springs on several occasions (Doc. 29, Ex. 4 - Deposition of Bruce Snyder, 19:6-22:11).

In their Joint Supplemental Response to Plaintiff's Motion for Summary Judgment (Doc. 45), Defendants further argue there remains a question of fact as to the proximate cause of Plaintiff's injuries. On March 27, 2007, an independent medical exam was performed on Plaintiff by Dr. Robert J. Bernardi (*Id*. at ¶ 4). Defendants have attached Dr. Bernardi's independent medical evaluation report to their Joint Supplemental Response as Exhibit A. Specifically, Defendants notes that in his report, Dr. Bernardi concedes the possibility that Plaintiff "may have suffered a lumbar strain on 5-18-05," but notes that Dr. Bernardi nevertheless disputes the fact that there was a need for surgical intervention and also disputes the fact that Plaintiff has suffered any permanent disability (*Id*. at ¶ 5; *see also* Ex. A, p. 7).

Responding to Defendants' Joint Supplemental Response, Plaintiff contends that this evidence does not show a question of fact as to causation (Doc.

47). Instead, Plaintiff argues that Dr. Bernardi's observations only go to the issue of damages, not proximate cause (*Id.* at ¶ 2). To substantiate, Plaintiff references the undisputed facts that after Plaintiff's use of the defective spring compressor, he went to Gateway Regional Medical Center on May 22, 2005 at approximately 2:30 a.m., complaining of hand and lower back pain (Doc. 47, Ex. B). Plaintiff states that prior to his accident with the spring compressor, he had no medical history of back pain. Further, Defendants have not disputed Plaintiff's medical history. This fact, coupled with Dr. Bernardi's acceptance of the fact that Plaintiff could have suffered lumbar strain due to the accident while using the defective spring compressor clearly shows no material question of fact exists as to the issue of proximate cause (*Id.* at ¶ 3). In other words, the only things Plaintiff believes Defendants dispute are the necessity for Plaintiff's subsequent back surgeries and whether he is to be considered permanently disabled (*Id.* at ¶ 4).

Despite Defendants' arguments and attempt to characterize the dispute otherwise, it is clear to the Court that the there remain no issues of material fact as to causation. At the summary judgment stage, Defendants' cannot rely on affirmative defenses alone. Defendants, who have conceded that the spring compressor was defective, offer no evidence to show that the defective product was not the proximate cause of Plaintiff's injury. They have shown nothing to challenge Plaintiff's evidence that he knew how to properly use the spring compressor. Further, Defendants fail to introduce any evidence showing "secondary causes." The report from Dr. Bernardi does not go to the issue of causation, as he does not opine that Plaintiff was

not injured from using the defective product, only that Plaintiff was not hurt as badly as alleged. Rather, as Plaintiff correctly suggests, Defendants' arguments goes towards determining the amount of damages. Therefore, the Court finds Plaintiff is entitled to summary judgment of liability and proximate cause against Defendants on all Counts. The only issue remaining to be tried in this case is one of damages.

### III. CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. 28) is hereby **GRANTED**. This matter will proceed on the issue of damages. The presumptive trial date in this case has now passed. The Court hereby sets this matter for **JURY TRIAL** on the issue of damages for **Monday, March 17, 2008 at 9:00 a.m.**; preceded by the **FINAL PRETRIAL CONFERENCE** on **Friday, February 15, 2008 at 1:30 p.m.**

**IT IS SO ORDERED**.

Signed this 22nd day of October, 2007.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**